UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ARTHUR LEE GATES JR., | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:20-CV-102-RLM-MGG |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Arthur Lee Gates, Jr., a prisoner without a lawyer, filed a complaint and a motion for leave to proceed in forma pauperis. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Gates has accrued three strikes under the Prison Litigation Reform Act, see Gates v. Indiana Dept. of Correction, 2:11-cv-281 (S.D. Ind. filed Oct.

14, 2011); Gates v. Childers, 3:07-cv-178 (S.D. Ind. filed Dec. 4, 2007), so he can't proceed in forma pauperis, except for claims alleging that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the "imminent danger" standard, the threat complained of must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Mr. Gates alleges that he suffers from severe mental and physical disabilities, including complications from back surgery performed by Dr. Riafi in January 2018. On March 15, 2019, Dr. Nancy Marthakis confiscated his wheelchair and discontinued his prescriptions for blood pressure and pain medication. According to the complaint, she explained that she was retaliating against him for participating as a witness in a lawsuit against her. He was provided with a walker, which he can't use, and he can't walk to the cafeteria. She also relied on a video recording of Mr. Gates involved in a physical altercation with another inmate in the infirmary. Dr. Marthakis refuses to send him to a specialist for an accurate diagnosis and additional surgery, and refuses to provide him with physical therapy. The complaint goes on to allege that on March 26, 2019, Sergeant Tibbs, Sergeant Pete, and Officer Cassidy dragged Mr. Gates from his wheelchair and dropped him on the floor of his dormitory, and he was later placed on suicide watch. Since June 4, 2019, he hasn't received a kosher food tray, and Aramark staff hasn't fed him. For his claims, Mr. Gates seeks injunctive relief and money damages.

Mr. Gates asserts an Eighth Amendment claim of deliberate indifference to serious medical needs against Dr. Marthakis. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Gates further asserts a First Amendment claim of retaliation against Dr. Marthakis. To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012). The complaint's allegations, when taken as true, allow Mr. Gates to proceed against Dr. Marthakis on claims under the First and Eighth Amendments.

Mr. Gates seeks preliminary and permanent injunctions to get proper treatment for his back condition and access to meals. Because the Prison Litigation Reform Act limits the court's authority to grant injunctive relief in this case, the injunctive relief, if granted, will be limited to ordering staff to treat his back condition and to accommodate his physical limitations as required by the Eighth Amendment. See Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012). As Warden of the Indiana State Prison, Ron Neal has both the authority and the responsibility to ensure that Mr. Gates receives the medical care and accommodations to which he is entitled under the Eighth Amendment. See Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the court will allow Mr. Gates to proceed against the Warden in his official capacity on an injunctive relief claim and will order the Warden to respond to the motion for a preliminary injunction. For the sake of efficiency, the Warden may also address the credibility of the imminent danger allegation in this response. See Taylor v. Watkins, 623 F.3d 483, 485 (7th Cir. 2010).

Mr. Gates can't proceed against Dr. Riafi, Sergeant Tibbs, Sergeant Pete, and Officer Cassidy because the claims against them are not based on allegations that suggest imminent danger. Nor can he proceed against the Aramark staff because the Aramark staff is not an individual or other suable entity but a group of individuals that must be separately identified and named as defendants. Mr. Gates lists forty-five other defendants, but he doesn't mention these defendants in the narrative portion of complaint. Because it is unclear why he has named these defendants in this lawsuit, they are dismissed.

Mr. Gates also filed a motion to appoint counsel. "[T]here is no constitutional or statutory right to court-appointed counsel in federal civil litigation . . ." Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). In some circumstances, the court may ask an attorney to volunteer to represent indigent parties.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

Id. at 654. Mr. Gates doesn't represent that he has made any attempt to obtain counsel on his own, so the court can't find that he made a reasonable attempt at obtaining counsel. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright." Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992). The court will deny the motion with leave to refile after Mr. Gates has sent a copy of this court's screening order to ten attorneys along with a letter requesting that they represent him and has waited a reasonable time for their responses.

Finally, Mr. Gates filed a motion asking the court to order the defendants to provide a list of their full names and addresses for purposes of service. This motion is denied as unnecessary because Mr. Gates has already provided the full names and work addresses of the defendants against whom he can proceed. Further, if it appears that additional information is required for service, the court will order it from the appropriate entity on its own motion. See 28 U.S.C. §

1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases.").

For these reasons, the court:

(1) GRANTS Arthur Lee Gates, Jr., leave to proceed against Dr. Nancy Marthakis for money damages on an Eighth Amendment claim of deliberate indifference to serious medical needs for depriving him of adequate medical care for his back condition since March 15, 2019;

(2) GRANTS Mr. Gates leave to proceed against Dr. Nancy Marthakis for money damages on a First Amendment claim for retaliating against him for participating in another lawsuit by depriving him of adequate medical care for his back condition since March 15, 2019;

(3) GRANTS Mr. Gates leave to proceed on an injunctive relief claim against Warden Ron Neal in his official capacity to obtain the medical treatment for his back condition and the access to meals to which he is entitled under the Eighth Amendment;

(4) DISMISSES all other defendants;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) the Warden Ron Neal at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Dr. Nancy Marthakis at

Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Ron Neal and Dr. Nancy Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Arthur Lee Gates, Jr., has been granted leave to proceed in this screening order;

(9) ORDERS the Warden Ron Neal to file a response by <u>February 14, 2020</u>, to the motion for a preliminary injunction;

(10) DENIES the motion for counsel (ECF 7);

(11) DIRECTS the clerk to send Mr. Gates ten (10) copies of this order; and

(12) DENIES as UNNECESSARY the motion for a court order (ECF 6).

SO ORDERED on February 4, 2020

s/ Robert L. Miller, Jr.<br>
JUDGE<br>
UNITED STATES DISTRICT COURT